IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY BELCHER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-834-WKW |
| ) | [WO] |
| THE GRAND RESERVE MGM, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiffs—a married couple with three minor children—bring this action under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, and state law, alleging that Defendants discriminated and retaliated against them in the rental of housing at an apartment complex on the basis of their familial status, race, and disabilities. Plaintiffs contend that certain of Defendants' rules governing tenants are discriminatory on their face and as applied. For example, they challenge the rules that impose an 8:30 p.m. curfew on anyone under the age of eighteen years and that prohibit anyone under the age of nineteen years from using the sauna or gym.

Before the court is Plaintiffs' motion for a temporary restraining order and a preliminary injunction. (Doc. # 2.) Plaintiffs request this court to restrain and enjoin Defendants' "unlawful practices and retaliation" and to "impos[e] injunctive relief requiring Defendants . . . to take affirmative action to provide equal housing

opportunities to all tenants and prospective tenants regardless of familial status, race, and disability." (Compl., at 17 (Doc. # 1).)

Rule 65(b) of the Federal Rules of Civil Procedure governs requests for temporary restraining orders. Of relevance here, Rule 65(b) imposes two requirements on a movant who seeks the issuance of a temporary restraining order "without written or oral notice to the adverse party or its attorney." Fed. R. Civ. P. 65(b). First, "specific facts in an affidavit or a verified complaint clearly [must] show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* at 65(b)(1)(A). Second, the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* at 65(b)(1)(B).

Plaintiffs fall short of meeting Rule 65(b)'s prerequisites for the exceptional remedy of a temporary restraining order. Although Plaintiffs have provided affidavits in support of their motion, the affidavits do not show that immediate injury will occur from the short delay required to provide notice to Defendants and to permit them to respond to the allegations. Additionally, Plaintiffs have not submitted the certification required by Rule 65(b)(1)(B). For these reasons, Plaintiffs' motion for a temporary restraining order will be denied, and a ruling on Plaintiffs' motion for a preliminary injunction will be reserved until such time that Defendants have been given an opportunity to be heard.

Accordingly, it is ORDERED that Plaintiffs' motion for a temporary restraining order (Doc. # 2) is DENIED.

It is further ORDERED that Plaintiffs' motion for a preliminary injunction is REFERRED to the Magistrate Judge for further proceedings and a recommendation.

DONE this 6th day of November, 2015.

      /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE