IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY BELCHER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-cv-834-WKW |
| | ) | |
| THE GRAND RESERVE MGM, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 9, filed November 6, 2016). Pending before the Court is Plaintiffs' Motion for an Injunction (Doc. 2, filed November 5, 2015) and an Amended Motion for injunction (Doc. 38, filed February 16, 2016). For good cause, it is the Recommendation of the Magistrate Judge that Plaintiffs' Motion for Injunction and Amended Motion for Injunction be denied.

### I.   PARTIES

Plaintiffs are Kimberly Belcher, Dedric Belcher, and their minor children (A.J., L.B., and A.C.). Collectively they shall be referred to as "Plaintiffs" or "The Belchers."

Defendants are identified by Plaintiffs as Grand Reserve M.G.M., LLC and Grand Reserve Pike Road. As discussed in their answer to the first amended complaint, Defendants are properly identified as The Grand Reserve MGM, LLC d/b/a The Grand Reserve Pike Road. Collectively they shall be referred to as "The Grand Reserve."

### II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to

28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiffs bring claims for violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the state law claims.

The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

### III.     NATURE OF THE CASE & MOTION FOR INJUNCTION

The Belchers initiated this action on November 5, 2015. See Doc. 1, "Complaint." The Belchers – a married couple with three minor children – bring the action under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. and state law. They allege Defendants discriminated and retaliated against them in the rental of an apartment on the basis of their familial status, race, and disabilities. Plaintiffs contend that certain rules at the apartment complex are discriminatory on their face and as applied. In conjunction with their complaint, Plaintiffs also filed a motion for temporary restraining order and preliminary injunction. *See* Docs. 2-3. In the motion, Plaintiffs request the Court restrain and enjoin Defendants' "unlawful practices and retaliation" and to "impos[e] injunctive relief requiring Defendants . . . to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status, race, and disability." *See* Doc. 1 at p. 17. On November 6, 2015, the district judge denied the temporary restraining order and referred the request for a preliminary injunction to the undersigned for further proceedings and recommendation. *See* Doc. 9.

On December 29, 2015, the Court entered an order to show cause why the motion for preliminary injunction should not be granted. *See* Doc. 18. Shortly thereafter, on January 4, 2015, the Belchers filed an amended complaint. *See* Doc. 24. The amended complaint still requests a preliminary injunction. *Id*. at p. 1, 17. In response to the show cause order,

Defendants timely filed their response in opposition to the request for preliminary injunction. *See* Docs. 28-29. Plaintiffs requested to file a reply brief which the Court granted while also permitting a sur-reply to any new issues raised. *See* Docs. 30-32. After consideration of all the written submissions, the Court set the matter for an evidentiary hearing on February 10, 2016. Just prior to the hearing, Defendants submitted a supplemental brief which raised a new issue pertaining to standing as they had received some evidence that Plaintiffs may have moved out of the apartment on Defendants' premises. The Court held a hearing on the matter on February 10, 2016.

Subsequent to the hearing, on February 16, 2016, Plaintiffs filed an addendum to their original request for preliminary injunction providing new allegations wherein they stated Defendants had improperly initiated eviction proceedings against them. *See* Doc. 38. As Plaintiffs indicated it was an emergency request, the Court set a status conference for 2 days later and permitted Defendants to file a response prior to the status conference. *See* Doc. 40. The Defendants submitted a timely response and Plaintiffs submitted yet another motion to amend their preliminary injunction request. *See* Doc. 43. A status conference was held on February 18, 2016. At the hearing, Defendants indicated they wanted to correct a misstatement and the Court permitted them to file an amended submission. *See* Doc. 44.

After receiving the numerous written submissions, evidence submitted at the hearing, and upon consideration of the oral arguments by counsel, the motion is fully ripe for the Court's consideration.

### IV.  STANDARD OF REVIEW

Though this case involves both questions of state and federal law, whether or not to grant or deny a preliminary injunction is reviewed under the auspices of federal law. *See Ferrerro v.*

*Assoc. Materials, Inc.*, 923 F.2d 1441, 1448 (11th Cir. 1991); *see also Mitsubishi Intern. Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1525 (11th Cir. 1994) (citing *Ferrerro* and stating "[u]nder Fed. R. Civ. P. 65, federal law, rather than [state] law, governs the grant of a preliminary injunction to preserve the relative positions of the parties until a trial on the merits can be held.").

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." S*untrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). The party seeking the preliminary injunction bears the burden of establishing its entitlement to relief. *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010).

To obtain a preliminary injunction, the moving party must establish the following prerequisites: "(1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1262-63 (11th Cir. 2004); *see also American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998) (stating same 4 requirements). "[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *GeorgiaCarry.Org*, 788 F.3d at 1322 (quoting *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3 1165, 1166 (11th Cir. 2001)); *accord*

*Café 207, Inc. v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993) ("A preliminary injunction is a drastic remedy and [the movant] bears the burden to clearly establish each of the four prerequisites."); *see also Texas v. Seatrain Int'l S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) ("[G]ranting a preliminary injunction is the exception rather than the rule." and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a single element may defeat the request regardless of the party's ability to establish any of the other elements. *See, e.g., Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (failure to show irreparable injury); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (failure to establish substantial likelihood of success on the merits).

## V. DISCUSSION AND ANALYSIS

### A. Standing

The first issue the Court must address is standing. After the initial filing on the motion for preliminary injunction, the Belchers' home situation has changed somewhat. Mr. and Mrs. Belcher have separated and now reside in separate locations. Mrs. Belcher and the children remain in the apartment at The Grand Reserve. Mr. Belcher now lives in a different apartment complex and turned in his keys to the complex.

"A plaintiff has standing to seek declaratory or injunctive relief only when he alleges facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bowen v. First Family Fin. Services, Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (citations and internal quotations omitted). Further, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L.Ed. 2d 675 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S. Ct. 669, 676, 38

L.Ed.2d 674 (1974)). Moreover, a plaintiff may have standing to bring a damages claim, but that does not automatically convey "standing to litigate a claim for injunctive relief arising out of the same set of operative facts." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987).

Uncontroverted evidence establishes that Mr. Belcher moved out of the apartment sometime between February 1, 2016 and February 16, 2016. At the hearing on February 10, 2016, Plaintiff Mrs. Belcher testified she and her husband separated and he moved out of the apartment. Further, Mr. Belcher turned in his apartment keys on February 16, 2016. *See* Doc. 42, Atch 1. As Mr. Belcher no longer lives in the apartment, he lacks standing to request injunctive relief against the apartment complex as there is no live case and controversy. Therefore, Mr. Belcher's requests for a preliminary injunction on his behalf merits denial based upon the standing requirement. This holding has no effect on his request for damages for past wrongs.

**B.    Request for Injunction**

    **(i)   Original Request for Preliminary Injunction – The Apartment Rules**

To establish their entitlement to a preliminary injunction, Mrs. Belcher and the three minor children must clearly show what they seek to enjoin and establish all four prerequisites for a preliminary injunction. At present, they have filed a lawsuit claiming past wrongs related to certain apartment rules and regulations. However, none of this shows the threat of future harm. Further, uncontroverted testimony presented at the February 10, 2016 hearing established that the rules at issue had been rescinded and no residents (including the Belchers) would be fined in the future. Plaintiffs tried to make an issue of the fact no notice went out to tenants that the rules had been rescinded, but this does not serve to show that there is actual threat of future harm. Further, when pressed on exactly what the Plaintiffs wished for the Court to enjoin, they merely requested

the Court issue an injunction regarding the rules. As those rules no longer exist, Plaintiffs fail to meet 2 elements for the extraordinary remedy of a preliminary injunction – that they will suffer irreparable injury unless the injunction is issued and the threat of injury outweighs the possible harm to the opposing party. For that reason alone, the Court must deny the request for a preliminary injunction.

Plaintiffs argue that under the holding in *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000), the issue is not moot. However, this case does not stand for the proposition that Plaintiffs argued in the hearing. Plaintiffs are correct in that this case states a defendant's voluntary cessation of allegedly unlawful conduct does not necessarily moot a claim. However, the facts of *Friends of the Earth* are readily distinguishable from the situation at hand. The question here is not mootness, but rather the need for a preliminary injunction. Plaintiffs simply have not carried their burden on the request for a preliminary injunction because they cannot show an immediate threat of harm without an injunction since the rules have been rescinded and are not enforced. Plaintiffs' arguments at the original hearing seem to conflate their arguments on the ultimate determination on an injunction, declaratory relief, and damages. That is not this issue at present. Nothing about the denial of a preliminary injunction here reflects upon the ultimate merits of the case – rather it simply denies the extraordinary remedy of a preliminary injunction. In fact, the Court need not even look to element 1 (a substantial likelihood of success on the merits) because Plaintiffs' request for a preliminary injunction fails on different elements. The Court makes no determinations as to the ultimate merits of Plaintiffs' discrimination claims.

**(ii)     Additional Request for an Injunction Preventing Eviction**

Six days after the initial February 10, 2016 hearing, Plaintiffs filed an emergency request

for an injunction preventing eviction proceedings. *See* Doc. 38. They attached as evidence a document entitled "Past Due Notice and Demand for Possession." *See* Doc. 38, Atch 2. The notice is dated February 8, 2016 and states the Belchers had not yet paid their February rent and would be assessed a late charge of $100 and $5 days for every day beyond February 8, 2016 that they had not yet paid their rent. The total past due as of February 8, 2016 was $1175 (rent plus late fees). The notice then stated "pursuant to Alabama law and our company policy we request and demand that you either pay the delinquent amount in full or vacate the premises by 12:00 noon on 2/15/2016." *Id*. Plaintiffs filed this as evidence in support of their request for an injunction against eviction proceedings. They also attached several excerpts from the Fair Housing Act and the Alabama Code on unlawful discriminatory housing practices. This motion was filed on February 16, 2016 wherein Plaintiffs assert Defendants are threatening and harassing them in violation of the Fair Housing Act and Alabama Fair Housing Law. Specifically, they argue Plaintiffs have been "placed in fear of eviction proceedings and adverse consequences to their credit and employment." *Id.* at p. 1. They also request the Court waive the bond requirement of Fed. R. Civ. P. 65(c). *Id*. at p. 2.

What is notably absent from Plaintiffs motion and request is that the Belchers were delinquent in their rent and as of the filing of their motion, they still had not paid the February rent (making it already sixteen days late). Rather, it wasn't until after Defendants' response that the Belchers finally paid the rent on February 17, 2016 around 3:44 p.m. showing at payment in the amount of $1,220.00 was initiated and would be processed in 3 business days. *See* Doc. 43, Atch 1-2. Even at the February 10, 2016 hearing, Plaintiff Mrs. Belcher testified she had not yet paid the rent for February 1 (which meant it was already 10 days overdue). Evidence also showed the Belchers were frequently late on their rental payments and had a number of late fines assessed on

their account.  Furthermore, it is clear that the letter to the Plaintiff was merely a notice of delinquency with an instruction to pay the amount due or vacate the premises.  It was not, as Plaintiff's suggested, an actual eviction notice.  In short, until the rent payment was paid on February 17, 2016, Plaintiffs were in violation of their lease.  Further, there was no evidence presented to the Court that this notice was discriminatory in nature – on its face or as applied.

The Court has found no law nor when asked could the Plaintiffs provide any legal authority which would allow for Plaintiffs to remain in their apartment delinquent in their rent, in violation of the lease, and/or remaining in the apartment rent free.  Rather, a fundamental and basic principle behind a lease agreement is that rent is due on a certain day of the month and if not paid by the lessee, a lessor has the right to demand payment and/or initiate eviction proceedings.

This particular issue is now moot, as Plaintiffs paid the overdue rent which satisfied the notice to pay.  However, even if Plaintiffs had not paid, they would have failed to establish the requirements for a preliminary injunction because they could not satisfy elements 3 and 4 – i.e. that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and that the injunction would not disserve the public interest.  The harm to the opposing party – The Grand Reserve – would have been forcing them to permit a tenant to live in the apartment rent free in violation of the lease.  This would be a disservice to the public interest of enforcing valid lease contracts.

## V.  CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion for Preliminary Injunction (Doc. 2) and subsequent injunctive requests (Docs. 38, 43) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **March 9, 2016**.  Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 24th day of February, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE